UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                         CASE NO. 8:12-CR-162-T-17TBM

KIMBERLY SCOTT.

_____/

ORDER

This cause is before the Court on:

Dkt. 312    Motion for Correction of Clerical Error in the Record Pursuant to Rule 36 of Fed. R. Crim. P.

Defendant Kimberly Scott, pro se, moves the Court to correct an alleged error in Defendant Scott's PSR. Defendant Scott contends that the PSR inaccurately states that Defendant Scott's "offense level is increased by two (+2) under Specific Offense Characteristics. USSG Sec. 2D1.1(b)(1) directs that, if a dangerous weapon (including a firearm) was possessed, the offense level be increased by 2 levels. Defendant Scott argues that Defendant Scott did not receive the two level increase as stated in the PSR.

Defendant Scott's concern is that the Bureau of Prisons uses her PSR for classification and designation. Defendant Scott states that the clerical error that Defendant Scott is requesting to be corrected and omitted from the record has no effect on Defendant Scott's conviction or sentence, and counsel neglected to object and have this misstatement removed from the PSR, or file a postjudgment motion to correct the erroneously listed statement.

The Court notes that Defendant Scott entered into a Plea Agreement (Dkt. 145). The Plea Agreement contains the factual basis for Defendant Scott's plea of guilty. (Dkt. 145, pp. 18-19). The Plea Agreement states, in pertinent part:

> On March 22, 2012, agents executed a search warrant at the motel room of Aaron Heath and Kimberly Scott. This led to the seizure of two firearms and a small amount of methamphetamine. The methamphetamine had been supplied by Resendiz-Ramirez.

The Court has reviewed Defendant Scott's PSR. In paragraph 28, p. 8, the PSR accurately states:

> 28. Later on March 22, 2012, agents executed a search warrant at the motel room of Heath and Scott. The agents found and seized two firearms and a small amount of methamphetamine. The methamphetamine had been supplied by Resendiz-Ramirez.

The "Offense Level Computation" starts at a "Base Offense Level" of 30 (paragraph 48, p. 11), then adds "+2" for "Specific Offense Characteristics":

> "USSG Sec. 2D1.1(b)(1) directs that, if a dangerous weapon (including a firearm) was possessed, increase by 2 levels. The defendant and codefendant were arrested at an area hotel where they lived. Officers located two firearms and a small amount of methamphetamine inside the defendant and codefendant's room. Therefore, the offense level is increased by two." (paragraph 49, p. 11).

There was a further adjustment of the offense level, "-2", pursuant to USSG Sec. 3B1.2(b), which directs that if the defendant was a minor participant in any criminal activity, decrease by two levels. Defendant Scott "acted as a drug proceeds courier in this conspiracy, and she was not responsible for distributing methamphetamine to others"; therefore, Defendant Scott's Offense Level was decreased two levels. (paragraph 51, p. 11).

Defendant Scott's Offense Level was further adjusted pursuant to USSG Sec. 3E1.1(a); Defendant Scott's Offense Level was decreased by two levels for acceptance of responsibility. (paragraph 55, p. 11). Defendant Scott's Offense Level was further adjusted pursuant to USSG Sec. 3E1.1(b), based on Defendant Scott timely notifying authorities of the intention to enter a plea of guilty. Defendant Scott's Offense Level

Case No. 8:12-CR-162-T-17TBM

was decreased by one additional level, yielding a final Total Offense Level of 27. (paragraph 56, p. 12).

The Court notes that other corrections were made to Defendant Scott's PSR at the time of sentencing, and those corrections are accurately reflected in the Statement of Reasons, Sec. I. B(3).

After consideration, the Court denies Defendant Scott's Motion for Correction of Clerical Error in the Record. Accordingly, it is

**ORDERED** that Defendant Scott's pro se Motion for Correction of Clerical Error in the Record Pursuant to Rule 36, Fed. R. Crim. P. (Dkt. 312) is **denied**. The Clerk of Court shall provide a copy of this Order to pro se Defendant Scott via U.S. Mail.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 8th day of September, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Kimberly Scott
#56716-018
FCI Tallahassee
501 Capital Circle NE
Tallahassee, FL 32301